# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-222 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Ahmed Yasin Ali (2), and <br> Khadar Jigre Adan (3), | |
| Defendants. | |

Chelsea A. Walcker, Harry Jacobs, Joseph Scott Teirab, Joseph H. Thompson, and Matthew S. Ebert, Assistant United States Attorneys, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government);

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 South Seventh Street, Suite 2446, Minneapolis, MN 55415 (for Defendant Ali); and

William J. Mauzy, Mauzy Law Office, P.A., 650 Third Avenue South, Suite 260, Minneapolis, MN 55402 (for Defendant Adan).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on several pretrial motions.  Defendant Ahmed Yasin Ali has filed a Motion for Early Disclosure of Expert Under Rule 16(a)(1)(E), ECF No. 86; Motion for Discovery, ECF No. 87; and Motion to Join in Co-Defendant's Motions, ECF No. 88.  Defendant Khadar Jigre Adan has filed a Motion for Disclosure of Rule 404(b) Evidence, ECF No. 89; Motion for Disclosure of Informants and Witnesses, ECF No. 90; Motion for Early Jencks Act Material and Grand Jury Disclosure, ECF No. 91; and Motion to Compel Production of *Brady* Materials, ECF No. 93.

1

A hearing was held on July 6, 2023.  ECF No. 112.  Harry Jacobs appeared on behalf of the United States ("Government"); Jordan S. Kushner appeared on behalf of Ali; and William J. Mauzy appeared on behalf of Adan.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1.      Ali's Motion for Early Disclosure of Expert Under Rule 16(a)(1)(E), ECF No. 86, is **GRANTED**.

Previously, the Court issued an Order on Pretrial Disclosure & Preservation, which set forth, among other things, deadlines for expert disclosures.  ECF No. 43 at 5. The deadline for principal expert disclosures was set at 45 days before trial and the deadline for rebuttal experts was set at 30 days before trial.  ECF No. 43 at 5.  The Order on Pretrial Disclosure & Prevention provided that a party could "seek modification of the requirements set forth [t]herein by filing a motion . . . by the . . . deadline for filing pretrial motions."  ECF No. 43 at 3.

Ali requests that the deadline for principal experts be expanded to 70 days before trial and the deadline for rebuttal experts remain at 30 days before trial.  Ali asserts that, due to the complexity of this case and the volume of discovery, it is anticipated that experts may "address complex accounting or administrative issues and will rely on a large amount of data," and 15 days is not sufficient for him "to locate one or more qualified experts . . . , arrange for the expert(s) to review a potentially very large volume of data, and then prepare a report."  ECF No. 86 at 1.  It is the Government's position that the existing schedule "provide[s] . . . ample time to obtain a rebuttal expert and prepare a

rebuttal report in advance of trial."  Gov't's Consol. Resp. at 2, ECF No. 102.

Ali has shown good cause for modification of the deadline for principal expert disclosures.  *See* Fed. R. Crim. P. 16(a)(1)(G)(ii) (time for expert disclosures "must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence").  Accordingly, no later than 70 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 30 days prior to trial, the parties shall make any rebuttal expert disclosures.  Fed. R. Crim. P. 16(a)(1)(G)(ii), (b)(1)(C)(ii).

2.    Ali's Motion for Discovery, ECF No. 87, is **GRANTED IN PART** and **DENIED IN PART**.

Without citing to any authority, Ali seeks a laundry list of discovery.  *See generally* ECF No. 87 ¶¶ 1-25.  Some of the materials requested are subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure.  *See, e.g.*, ECF No. 87 ¶¶ 1-3, 5-6, 23.  Some requests are arguably encompassed within and duplicative of the prior Order on Pretrial Disclosure & Preservation, which directed the Government to disclose all exculpatory and impeachment evidence as well as provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Fed. R. Evid. 404(b) within 30 days prior to trial.  ECF No. 43 at 4-6; *see, e.g.*, ECF No. 87 ¶¶ 11, 12, 17, 20.  Ali also requests that the Court review *in camera* the Government's "files for evidence exculpatory to [him]" because the Government and he "may differ in their opinions as to what constitutes exculpatory evidence."  ECF No. 87 ¶ 15.  The Government states that it

3

CASE 0:22-cr-00222-NEB-DTS   Doc. 115   Filed 08/04/23   Page 4 of 9

"has already complied with its Rule 16 discovery obligations, and will continue to do so." Gov't's Consol. Resp. at 2.

Ali's motion is granted in part to the extent his discovery requests seek responsive information subject to disclosure under Rule 16(a)(1)(A) through (F) that remains in the Government's control and has not yet been produced. Ali's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law. Ali's discovery requests are denied in all other respects. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).

Ali further requests that, in the event the Government subsequently discovers additional materials previously ordered to be produced, that his counsel be notified. While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

3.      Ali's Motion to Join in Co-Defendant's Motions, ECF No. 88, is **GRANTED**.

Ali moves "to join in any motions filed by . . . Adan which may be applicable to [him]." ECF No. 88 at 1. At the hearing, the Court sought clarification as to which of Adan's motions Ali sought to join. Ali clarified that he was seeking to join Adan's Motion for Disclosure of Informants and Witnesses, ECF No. 90, *see infra* ¶ 5; Motion for Early Jencks Act Material and Grand Jury Disclosure, ECF No. 91, *see infra* ¶ 6; and

Motion to Compel Production of *Brady* Materials, ECF No. 93, *see infra* ¶ 7.  The

Government had no objection with any relief ordered thereunder applying to both

defendants.

4.      Adan's Motion for Disclosure of Rule 404(b) Evidence, ECF No. 89, is

**DENIED AS MOOT**.

As noted above, the prior Order on Pretrial Disclosure & Preservation directed the

Government to "provide reasonable written notice of all 'extrinsic' evidence then known

to the Government that the Government intends to offer within the purview of Rule

404(b)" no later than 30 days prior to trial.  ECF No. 43 at 6.  Adan requests that such

disclosures be made "one month before the trial date."  ECF No. 89 at 1.  At the hearing,

Adan confirmed that this motion was moot.

5.      Adan's Motion for Disclosure of Informants and Witnesses, ECF No. 90, is

**DENIED AS MOOT**.

Pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), and *United States v.*

*Sanchez*, 429 F.3d 753 (8th Cir. 2005), Adan moves for the disclosure of (and

opportunity to interview) "the names and addresses of any informants and cooperating

individuals who were working with, or were utilized by, law enforcement officials in the

investigation of this matter."  ECF No. 90 at 1.  In its response, the Government

represented that it "did not utilize any confidential informants or cooperating witnesses

whose identities are unknown to the defendants as contemplated in *Roviaro*."  Gov't's

Consol. Resp. at 3.  At the hearing, the Government confirmed that there were no such

individuals and any information about informants has been disclosed.  Adan agreed his

motion was moot in light of the Government's representation.

6.       Adan's Motion for Early Jencks Act Material and Grand Jury Disclosure, ECF No. 91, is **DENIED**.

Beginning with Jencks Act materials, Adan requests that the Government "produce all Jencks Act material no later than one month prior to trial." ECF No. 92 at 3. In the Order on Pretrial Disclosure & Preservation, the Court noted that "[a]lthough in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." ECF No. 43 at 7 (quoting *United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998) (quotation omitted)); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996).

As for the grand jury materials, "[i]t has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release.").

Adan has not made any showing of particularized need for grand jury materials. Therefore, his request for early disclosure of grand jury materials is denied except to the extent the Government is otherwise obligated to disclose such materials. *See United*

*States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318.

Although Adan's motion for early disclosure is being denied, the Court notes that the Government has represented that it "has provided all interview reports and grand jury transcripts to the defense on a rolling basis," and, should "more Jencks material come[] into the [G]overment's possession, the [G]overnment will continue to produce those materials on a rolling basis." Gov't's Consol. Resp. at 3. At the hearing, the Government likewise confirmed that it had produced all Jencks Act and grand jury materials in its possession.

7.      Adan's Motion to Compel Production of *Brady* Materials, ECF No. 93, is **GRANTED IN PART** and **DENIED IN PART**.

The Court previously addressed the Government's general obligation to "to disclose . . . all exculpatory evidence—that is, evidence that favors a defendant or casts doubt on the Government's case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny." ECF No. 43 at 3. The Court ordered the Government to "comply with its obligations under *Brady*, *Giglio* [*v. United States*, 405 U.S. 150 (1972)], and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 materials." ECF No. 43 at 5 (citation omitted).

Adan now moves to compel certain specific information, namely, (1) "[a]ny and all information pertaining to co-defendant Liban Alishire's plea negotiation with the

7

[G]overnment, including notes of any statements made"; (2) "[a]ny notes or documents produced by co-defendant Liban Alishire as part of the [G]overnment's investigation which are not currently in discovery"; (3) "[a]ny and all information pertaining to Hadith Ahmed's plea negotiation with the [G]overnment, including notes of any statements made"; (4) "[a]ny notes or documents regarding Marian Farah which are not currently in discovery"; (5) "[a]ny notes or documents relating to Khadra Yusuf which are not currently in discovery"; and (6) "[a]ny notes or documents pertaining to the Bryte Bridge or United Community, Inc. nonprofits which are not currently in discovery." ECF No. 94 at 3-4. At the hearing, Adan additionally sought information regarding "Amina Mohamed."

The Government states that it "is aware of its obligations under *Brady*[], *Giglio*[],and their progeny," and "has complied and will continue to comply fully with those obligations." Gov't's Consol. Resp. at 4. The Government "objects to [Adan's] motion to the extent that it goes beyond the requirements" of these authorities. Gov't's Consol. Resp. at 4. At the hearing, the Government indicated that, to the extent it had information responsive to Adan's requests, it has been produced.

Adan's motion is granted in part to the extent his requests seek information subject to disclosure under *Brady*, *Giglio*, and their progeny, ordered produced elsewhere in this Order, or that the Government is otherwise obligated to disclose by law, which has not yet been produced. Again, if the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. To the extent Adan seeks discovery and disclosures

outside the Government's obligations or seeks materials that have already been produced, his motion is denied. *See Johnson*, 228 F.3d at 924.

8.      All prior consistent orders remain in full force and effect.

9.      Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: August____4____, 2023                     _____*s/ Tony N. Leung*_____
                                                Tony N. Leung
                                                United States Magistrate Judge
                                                District of Minnesota


                                                *United States v. Ahmed Yasin Ali*
                                                Case No. 22-cr-222(2) (NEB/TNL)

                                                *United States v. Khadar Jigre Adan*
                                                Case No. 22-cr-222(3) (NEB/TNL)